09-0691-bk
Ogle v. Fidelity & Deposit Co.

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: October 15, 2009          Decided: November 5, 2009)

Docket No. 09-0691-bk

- - - - - - - - - - - - - - - - - - -x

D. CLARK OGLE, Liquidating Trustee of
the Agway Liquidating Trust,
                    Appellant,

          - v.-

FIDELITY & DEPOSIT COMPANY OF MARYLAND,
                    Appellee.

- - - - - - - - - - - - - - - - - - -x


     Before:          JACOBS, Chief Judge, FEINBERG and
                      KATZMANN, Circuit Judges.

     The United States District Court for the Northern

District of New York (Sharpe, J.), affirming a judgment of

the United States Bankruptcy Court for the Northern District

of New York (Gerling, C.J.), ordered the Agway Liquidating

Trust to pay post-petition attorneys' fees on a claim that

stemmed from a pre-petition indemnity agreement.  The

liquidating trustee, D. Clark Ogle, appeals, arguing that

the federal Bankruptcy Code ("Code") bars unsecured claims

for post-petition attorneys' fees.

In <u>United Merchants & Manufacturers, Inc. v. Equitable Life Assurance Society of the United States</u>, 674 F.2d 134 (2d Cir. 1982), this Court held, under the Bankruptcy Act then current, that such claims are allowable.  In <u>Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.</u>, 549 U.S. 443 (2007), the Supreme Court rejected a Ninth Circuit rule disallowing such claims if the fees were incurred litigating issues of bankruptcy law, but reserved decision on the precise question presented on this appeal: whether such claims are allowable categorically.  We conclude that the holding of <u>United Merchants</u> has not been impaired by <u>Travelers</u> or by statutory revisions.

For the reasons that follow, we affirm the judgment of the district court.

JEFFREY A. DOVE, JAMES C. THOMAN, Menter, Rudin & Trivelpiece, P.C., Syracuse, New York, <u>for Appellant</u>.

GLENN M. FJERMEDAL, Lacy Katzen LLP, Rochester, New York; FILIBERTO AGUSTI, MARK MORAN, JOSHUA R. TAYLOR, Steptoe & Johnson LLP, Washington, D.C., <u>for Appellee</u>.

DENNIS JACOBS, Chief Judge:

The federal Bankruptcy Code ("Code"), 11 U.S.C. §§ 101 et seq., does not explicitly state whether an unsecured creditor can collect *post*-petition attorneys' fees based on a *pre*-petition indemnity agreement. In United Merchants & Manufacturers, Inc. v. Equitable Life Assurance Society of the United States, 674 F.2d 134 (2d Cir. 1982), this Court held, under the Bankruptcy Act then current, that such claims are allowable. In Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. 443 (2007), the Supreme Court rejected a Ninth Circuit rule disallowing such claims if the fees were incurred litigating issues of bankruptcy law, but reserved decision on the precise question presented on this appeal: whether such claims are allowable categorically. We conclude that the holding of United Merchants has not been impaired by Travelers or by statutory revisions.

Fidelity & Deposit Company of Maryland ("Fidelity") entered into several agreements ("the Agreements") with Agway, Inc. which required Agway to indemnify Fidelity for attorneys' fees that it might incur to enforce the Agreements against Agway. After Agway filed for bankruptcy

3

under Chapter 11, Fidelity duly made payments to Agway's creditors, unsuccessfully demanded indemnity under the Agreements, and incurred attorneys' fees in litigation to collect from Agway.  Only those attorneys' fees are at issue on this appeal.  The liquidating trustee of the Agway Liquidating Trust ("the Trust"), D. Clark Ogle ("Ogle"), concedes that Fidelity has a right to the fees under state contract law, but refuses to pay on the ground that the Code bars such recovery.

The United States Bankruptcy Court for the Northern District of New York (Gerling, C.J.) held that Fidelity can collect $884,506.28 in post-petition attorneys' fees.  The United States District Court for the Northern District of New York (Sharpe, J.) affirmed.  Ogle appeals that decision. We affirm, concluding that the Code does not prohibit an unsecured creditor from collecting post-petition attorneys' fees pursuant to an otherwise enforceable pre-petition contract of indemnity.

**I**

Pursuant to the Agreements, Fidelity provided surety bonds ("Bonds") to Agway's insurers, and Agway in turn

agreed to indemnify Fidelity for any payments that it made under the Bonds as well as legal fees incurred to enforce the Agreements.  On October 1, 2002, Agway filed a voluntary Chapter 11 bankruptcy petition.  Up until then, Agway had not defaulted on any payment obligation to its insurers; Fidelity's claim in bankruptcy therefore asserted no more than a contingent right to payment under the Agreements.

When Agway thereafter defaulted on payments to its insurers, the insurers in turn sought payment from Fidelity, and Fidelity tendered payment consistent with its obligations under the Bonds.  Fidelity incurred additional costs, including legal fees, enforcing its indemnity rights against Agway in prolonged litigation.  On July 18, 2008, the Bankruptcy Court concluded (as relevant here) that Agway was liable for Fidelity's post-petition attorneys' fees.

The parties thereafter settled all of the issues between them *except* the order requiring payment of post-petition attorneys' fees.  Ogle appealed that part of the bankruptcy court's order to the district court pursuant to 28 U.S.C. § 158(a), and the district court affirmed the bankruptcy court's order.  Ogle now appeals to this Court.

The sole question on appeal is one of law: Under the

Bankruptcy Code, is an unsecured creditor entitled to recover post-petition attorneys' fees that were authorized by a pre-petition contract but were contingent on post-petition events?

Where, as here, a district court affirms a bankruptcy court's decision, we independently review the decision of the bankruptcy court. Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602, 607 (2d Cir. 2007). Our review of legal conclusions is de novo. Id.

**II**

Courts are closely divided on the question presented. One line of cases holds that an unsecured claim for post-petition attorneys' fees asserted on the basis of a pre-petition contract is allowable. See, e.g., In re SNTL Corp., 571 F.3d 826, 839-45 (9th Cir. 2009) ("SNTL"); Martin v. Bank of Germantown, 761 F.2d 1163, 1168 (6th Cir. 1985). Another line of cases holds that such a claim is disallowed. See, e.g., Adams v. Zimmerman, 73 F.3d 1164, 1177 (1st Cir. 1996); Waterman v. Ditto, 248 B.R. 567, 573 (B.A.P. 8th Cir. 2000).

This Court allowed such claims in a case that was

6

decided under the former Bankruptcy Act, but that commented on section 506(b) of the Code. United Merchs. & Mfrs., Inc. v. Equitable Life Assurance Soc'y of the U.S., 674 F.2d 134, 137-39 (2d Cir. 1982). This opinion considers whether United Merchants survives statutory revisions and the Supreme Court's decision in Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. 443 (2007). We join the Ninth Circuit's recent decision in SNTL and hold that the Bankruptcy Code does not bar an unsecured claim for post-petition attorneys' fees authorized by a pre-petition contract valid under state law.

**III**

Two Code provisions bear upon the disputed question: section 502(b) and section 506(b). Travelers addresses the first, and United Merchants the second.

**A**

Section 502(b) of the Code provides (with inapplicable exceptions) that a "court, after notice and a hearing, shall determine the *amount* of [a] claim in lawful currency of the United States *as of the date of the filing of the petition*, and shall allow such claim in such amount." 11 U.S.C.

7

§ 502(b) (emphases added).  A claim, in turn, is a "right to payment, whether or not such right is reduced to judgment, liquidated, *unliquidated*, fixed, *contingent*, matured, *unmatured*, disputed, undisputed, legal, equitable, secured, or *unsecured*."  11 U.S.C. § 101(5)(A) (emphases added).  A "right to payment . . . usually refer[s] to a right to payment recognized under state law."  Travelers, 549 U.S. at 451 (internal quotation marks and citation omitted).

A "contingent" claim under the Code refers "to obligations that will become due upon the happening of a future event that was within the actual or presumed contemplation of the parties at the time the original relationship between the parties was created."  In re Manville Forest Prods. Corp., 209 F.3d 125, 128-29 (2d Cir. 2000) (internal quotation marks omitted).  "A claim will be deemed to have arisen pre-petition if the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation--a right to payment--under the relevant non-bankruptcy law."  Id. at 129 (internal quotation marks omitted); see also SNTL 571 F.3d at 843-44.  "Under contract law, a right to payment based on a written indemnification contract arises at the

time the indemnification agreement is executed." Manville, 209 F.3d at 129.

Manville therefore makes clear that Fidelity possessed a contingent right to post-petition attorneys' fees, and that its right arose pre-petition. However, the dollar amount of Fidelity's contingent right was not a sum certain on the day the bankruptcy petition was filed. We read Travelers to mean that this does not matter.

The Supreme Court framed the Travelers issue as follows: "We are asked to consider whether federal bankruptcy law precludes an unsecured creditor from recovering attorney's fees authorized by a prepetition contract and incurred in postpetition litigation." 549 U.S. at 445. True, the facts in Travelers were such that the post-petition costs related solely to litigating issues of bankruptcy law (which Ogle contends is a decisive limiting principle); but the Court's analysis and rationale would seem equally applicable to post-petition costs arising out of pre-petition contracts more generally. Furthermore, the way the issue is framed at the outset, see id. (as quoted above), defines the scope of the opinion broadly.

This is important because, under Travelers, section

502(b) interposes no bar to an unsecured creditor's ability to recover post-petition attorneys' fees. Travelers starts from the premise that "an otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." Id. at 448. The Court went on to explain that, because--as in the present case--none of the section 502(b) exceptions (enumerated (2)-(9)) applied, Travelers's claim for post-petition fees "must be allowed under § 502(b) unless it is unenforceable within the meaning of § 502(b)(1)." Id. at 449-50.

Section 502(b)(1) in turn bars any claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Travelers construed this wording to mean that "any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." 549 U.S. at 450. Unless a claim is unenforceable under state law or one of the section 502(b)(2)-(9) exceptions applies, courts must "presume" that the claim "will be

10

allowed in bankruptcy unless [it is] expressly disallowed." Id. at 452.

All of the fees at issue in Travelers were incurred post-petition; so the amount was necessarily unknown when the bankruptcy petition was filed. It follows that if an unsecured claim for post-petition fees was for that reason unrecoverable, the Travelers Court could have disposed of the claim on that simple, available ground alone. Travelers, therefore, proceeds along lines that, reasonably extended, would suggest (notwithstanding the Court's express disclaimer) that section 502(b)'s requirement--that the court "shall determine the amount of such claim . . . as of the date of the filing of the petition"--does not bar recovery of post-petition attorneys' fees.

In the present appeal, as in Travelers: The underlying contract is valid as a matter of state substantive law; none of the section 502(b)(2)-(9) exceptions apply; and the Code is silent as to the particular question presented--in Travelers, whether the Code allows "unsecured claims for contractual attorney's fees incurred while litigating issues of bankruptcy law," 549 U.S. at 453; and here, whether the Code allows unsecured claims for "fees incurred while

11

litigating issues of" contract law more generally.

Accordingly, we hold that an unsecured claim for post-petition fees, authorized by a valid pre-petition contract, is allowable under section 502(b) and is deemed to have arisen pre-petition. Accord SNTL, 571 F.3d at 844 ("[W]e reject the position . . . that section 502(b) precludes such fees.").

**B**

"[C]laims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." Travelers, 549 U.S. at 452. A fair question is raised by Ogle as to whether section 506(b) of the Code amounts to an express disallowance of Fidelity's claim by negative inference or otherwise. Section 506(b) provides in relevant part that "interest on [a] claim, *and any reasonable fees*, costs, or charges provided for under the agreement or State statute under which such claim arose" can be recovered if the creditor is *oversecured.* 11 U.S.C. § 506(b) (emphasis added). So what does section 506(b) say or imply about a similar claim that is *unsecured*?

In United Merchants, we observed: "Neither [section

12

506(b)] nor its legislative history sheds any light on the status of an unsecured creditor's contractual claims for attorney's fees."  674 F.2d at 138.  United Merchants is therefore dispositive if it survives Travelers.  We conclude that it does.

As Travelers makes clear, the question is whether the Code *disallows* post-petition attorneys' fees, and does so expressly.  It was therefore decisive in Travelers that "the Code says *nothing* about unsecured claims for contractual attorney's fees incurred while litigating issues of bankruptcy law."  459 U.S. at 453 (emphasis in original).  And while Travelers declined to address section 506(b) (because the parties had not raised the issue below), see id. at 454-56, it is decisive here that the Code says nothing about such fees incurred litigating things *other* than issues of bankruptcy law.  The teaching of Travelers is therefore fully consonant with our decision in United Merchants.

Accordingly, we hold that section 506(b) does not implicate unsecured claims for post-petition attorneys' fees, and it therefore interposes no bar to recovery.

13

**IV**

Ogle adduces three additional reasons for construing the Code to disallow unsecured claims for post-petition attorneys' fees.

[1] Ogle relies on wording in United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365 (1988), which explained that section 506(b) allows an oversecured creditor to receive post-petition interest only out of the "security cushion," but that an undersecured creditor--who lacks any such cushion-- "falls within *the general rule disallowing postpetition interest*." Id. at 372-73 (emphasis added). From the italicized phrase Ogle would deduce a general rule favoring his position. However, the wording references section 502(b)(2) of the Code, which expressly disallows a claim for interest that is unmatured. See id.; see also 11 U.S.C. § 502(b)(2). In this way, section 506(b) creates a limited exception--for oversecured creditors--from the general rule in section 502(b)(2) that disallows a claim for unmatured interest. Timbers, 484 U.S. at 372-73. But while section 502(b)(2) bars claims for unmatured interest, it does not similarly bar (or even reference) claims for post-petition

14

attorneys' fees.  See SNTL, 571 F.3d at 844-45.

[2]  Ogle argues that an unsecured claim for post-petition attorneys' fees is barred by section 502(e)(2), which provides that a claim for "reimbursement or contribution . . . that becomes fixed after the commencement of the case . . . shall be allowed . . . the same as if such claim had become fixed before the date of the filing of the petition."  11 U.S.C. § 502(e)(2).  Ogle's argument relies on expressio unius: Because section 502(e)(2) provides an exception to section 502(b) for reimbursement and contribution, it thereby forecloses an exception for post-petition attorneys' fees.  However, Travelers requires us to "presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed."  549 U.S. at 452.  We cannot, then, as Ogle wishes, draw from section 502(e)(2) an inference by silence or omission.

[3]  Ogle argues from policy that allowing an unsecured creditor to collect post-petition attorneys' fees based on a pre-petition contract would unfairly disadvantage other creditors (such as tort claimants and trade creditors) whose distributions would be reduced pro tanto.  In United

15

*Merchants*, however, we rejected the idea "that the policy of equitable distribution" defeats "an unsecured creditor's otherwise valid contractual claim for collection costs . . . .":

> When equally sophisticated parties negotiate a loan agreement that provides for recovery of collection costs upon default, courts should presume, absent a clear showing to the contrary, that the creditor gave value, in the form of a contract term favorable to the debtor or otherwise, in exchange for the collection costs provision. Such a creditor should recover more in the division of the debtor's estate because it gave more to the debtor at the time it made the loan. Rather than providing an undeserved bonus for one creditor at the expense of others, allowing a claim under a collection costs provision merely effectuates the bargained-for terms of the loan contract.

674 F.2d at 137. Although United Merchants was construing the predecessor to the current Bankruptcy Code, see id. at 136 n.1, its analysis is equally applicable to the Code today.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

16