11-4587-bk
Kling Realty Co. v. Texaco, Inc. (In re Texaco, Inc.)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand twelve.

PRESENT: ROBERT D. SACK,
         DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
                    Circuit Judges,

- - - - - - - - - - - - - - - - - - - -x

IN RE TEXACO, INC.,
                    Debtor.

- - - - - - - - - - - - - - - - - - - -x

KLING REALTY COMPANY, INC., WALET
PLANTING COMPANY, KATHLEEN WALET
MEITKAMP, DEANNA CECIL WALET GONDRON,
MERLIN P. WALET, JR., HERMAN CHARLES
WALET, CAROLYN MARIE WALET, ARTHUR
STERN, J.D. MIER, SALLY A. MIER,                    11-4587-bk
MURIEL O. LEVINSON, ANN C. MARTINEZ,
KATHRYN S. CEJA, BRENDA S. BUXH,
DAVID L. STERN, MICHAEL L. SNUR, CARY
S. SOLOMON, AMY F. TILLEY, WILLIAM A.
SNUR, DREW M. LERNER, DOUGLAS P.
LERNER, REID S. LERNER, J. LIONEL
KLING TRUST,
                    Appellants,

                    -v.-

TEXACO, INC.,

Appellee.[*]

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANTS:                    William E. Steffes, Steffes,
                                   Vingiello & McKenzie, LLC, Baton
                                   Rouge, Louisiana, Edward P. Landry,
                                   Landry, Watkins, Repaske & Breaux,
                                   New Iberia, Louisiana, J. Michael
                                   Veron, Alonzo P. Wilson, Turner D.
                                   Brumby, Veron Bice Palermo &
                                   Wilson, LLC, Lake Charles,
                                   Louisiana.

FOR APPELLEE:                      Martin J. Bienenstock, Philip
                                   Abelson, Proskauer Rose LLP, New
                                   York, New York.

Appeal from the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Kling Realty Company, Walet Planting Company, and others ("Kling") appeal from the October 6, 2011 judgment of the United States District Court for the Southern District of New York (Seibel, J.) affirming the August 3, 2010 order of the United States Bankruptcy Court (Drain, J.), which (1) found that all claims asserted by Kling against Texaco, Inc. ("Texaco") in a certain action in Louisiana state court (the "Louisiana Action") were discharged by the bankruptcy court's March 23, 1988 order confirming Texaco's Chapter 11 second amended joint plan of reorganization (the "Confirmation Order"); (2) directed Kling to dismiss all such claims; and (3) enjoined

---

[*]     The Clerk of Court is directed to amend the official caption to conform with the above.

- 2 -

Kling from pursuing those claims.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

In essence, Kling argues on appeal that the bankruptcy court erred by dismissing its claims and enjoining it from pursuing claims that Texaco engaged in tortious conduct by spreading contaminated mud and fluids around the portion of Kling's property known as Section 27, both after the date Texaco's bankruptcy petition was filed (the "Petition Date") and after the date its plan of reorganization was confirmed (the "Confirmation Date").[1]  Kling also contends that the bankruptcy court lacked subject matter jurisdiction to dismiss its claims arising after the Confirmation Date.

In an appeal from a district court's review of a bankruptcy court's order, this Court reviews the bankruptcy court's factual findings for clear error and its legal conclusions de novo.  Browning v. MCI, Inc. (In re WorldCom, Inc.), 546 F.3d 211, 216 (2d Cir. 2008).  Pursuant to the Bankruptcy Code, the confirmation of a plan of reorganization "discharges the debtor from any debt that arose before the date of such confirmation."  11 U.S.C. § 1141(d)(1)(A) (2010).

---

[1]     Kling does not challenge the dismissal of its contract claims, and therefore those claims are abandoned on appeal. Moreover, to the extent that Kling asserted contract claims below, the bankruptcy court and district court properly concluded that they arose before the Petition Date, as the lease was both executed and terminated prior to that date. See Ogle v. Fid. & Deposit Co. of Md., 586 F.3d 143, 146 (2d Cir. 2009) ("Under contract law, a right to payment based on a written indemnification contract arises at the time the indemnification agreement is executed.") (citation and internal quotation marks omitted).

- 3 -

For substantially the reasons articulated by the district court, we conclude that the bankruptcy court did not err in concluding that Kling's tort claims for restoration of Section 27 arose before the Petition Date and were discharged by the Confirmation Order. See Kling Realty Co. v. Texaco, Inc. (In re Texaco, Inc.), No. 10-CV-8151 (CS), 2011 U.S. Dist. LEXIS 111533 (S.D.N.Y. Sept. 28, 2011).

To the extent Kling now asserts that Texaco's post-Petition and post-Confirmation clean-up operations on Section 27 caused damage "separate and distinct from any damage caused by contamination deposited on the property prior to the Petition Date," Amended Br. for Appellants at 26, that argument also fails. First, Kling forfeited this argument by failing to argue to the district court that Texaco had caused additional damage to Section 27 after the Petition Date or after the Confirmation Date. On the contrary, in its district court brief, Kling framed Texaco's tortious activity as a failure to restore the property to its original condition. See Br. of Appellants at 37-41, Kling Realty Co. v. Texaco, Inc. (In re Texaco, Inc.), No. 10-CV-8151 (CS), 2011 U.S. Dist. LEXIS 111533 (S.D.N.Y. Sept. 28, 2011). Indeed, rather than alleging separate damage to the property, Kling characterized Texaco's post-Petition and post-Confirmation clean-up operations as "inadequate and superficial," and alleged that Texaco had merely attempted "to bury the contamination left from its operations." Id. at 48, 18. By failing to raise its claims of post-Petition and post-Confirmation damage to the district court, Kling did not preserve that issue for review by

- 4 -

either the district court or this Court.  See Asbestosis Claimants v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n (In re Prudential Lines Inc.), 533 F.3d 151, 161 (2d Cir. 2008) (citing Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.), 78 F.3d 18, 29 (2d Cir. 1996)).

Second, even if Kling had not forfeited the issue, we conclude that Kling's tort claims based on Texaco's clean-up operations arose prior to the Petition Date, and therefore were necessarily discharged by the subsequent Confirmation Order.  "A common law claim for damages to property from contamination arises when '[a]ll of the physical events required to establish the elements of . . . such claims occurred.'"  Goldman, Sachs & Co. v. Esso Virgin Islands, Inc. (In re Duplan Corp.), 212 F.3d 144, 157 (2d Cir. 2000) (quoting Texaco, Inc. v. Sanders (In re Texaco, Inc.), 182 B.R. 937, 951 (Bankr. S.D.N.Y. 1995)).  Kling contends that "Texaco's 'clean-up' operations consisted of removing the toxic waste and mud in certain pits [associated with oil and gas wells in Section 27], and spreading it across the Kling property."  Amended Br. for Appellants at 16.  Kling further alleges that these clean-up operations spread "drilling fluids used during oil and gas operations (which are hazardous and toxic)."  Amended Reply Br. for Appellants at 17.  Even assuming Kling's allegations are true, the contaminated mud and fluids that Kling alleges Texaco spread around Section 27 after the Petition Date and after the Confirmation Date were already on the property at the latest by the time Texaco (a) ceased its oil and gas production on Section 27, (b) plugged and abandoned its

- 5 -

wells on Section 27, and (c) released all its rights to Section 27 -- all of which occurred before the Petition Date. Thus, because all the physical events required to establish the elements of Kling's tort claims based on contamination of Section 27 occurred prior to the Petition Date, those claims arose before the Confirmation Date and were discharged by the Confirmation Order. Similarly, because Kling's tort claims arose before the Petition Date, those claims do not constitute administrative expenses under Reading Co. v. Brown, 391 U.S. 471 (1968).

Finally, we reject Kling's claim that the bankruptcy court lacked subject matter jurisdiction to dismiss all its claims in the Louisiana Action and enjoin it from pursuing those claims. "A bankruptcy court retains post-confirmation jurisdiction in a chapter 11 proceeding only to the extent provided in the plan of reorganization." Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 7 F.3d 32, 34 (2d Cir. 1993). Here, the plan of reorganization provided that the bankruptcy court retained jurisdiction, inter alia, to take any action to resolve any disputes arising out of or relating to any claim, and to construe and to take any action to enforce the plan. Insofar as the bankruptcy court concluded that all of Kling's claims in the Louisiana Action arose prior to the Petition Date and were discharged by the Confirmation Order, the bankruptcy court was well within its jurisdiction to take action to enforce the plan. Kling's assertion that it should have the opportunity to amend its complaint in the Louisiana Action to assert post-Confirmation

claims merely serves to support the bankruptcy court's conclusion that all the claims actually asserted in the Louisiana Action arose prior to the Petition Date and were discharged by the Confirmation Order.

We have considered Kling's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk